UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISSA FLONES,

    Plaintiff

Case No. 11- cv-

v.

Hon.:

BEAUMONT HEALTH SYSTEM, d/b/a
BEAUMONT HOSPITAL, GROSSE POINTE

    Defendants.
_____/
PITT MCGEHEE PALMER RIVERS GOLDEN, P.C.
By: Robert W. Palmer (P31704)
Attorneys for Plaintiff
117 W. Fourth Street, Suite 200
Royal Oak, Michigan  48067
(248) 398-9800
_____/

## COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff **MELISSA FLONES**, by and through her attorneys, **PITT MCGEHEE PALMER RIVERS GOLDEN, P.C.**, in support of her complaint against Defendants, states as follows:

### I. THE PARTIES

1.    Plaintiff, Melissa Flones (hereinafter "Plaintiff"), at all times material hereto was a resident of the County of Wayne, State of Michigan.

2.    Defendant Beaumont Health System (hereinafter "Beaumont"), at all times material hereto owned and operated a community hospital in Grosse Pointe, Wayne County, Michigan, known as Beaumont Hospital, Grosse Pointe.

3.     Mary Golinski at all times material hereto was an employee of Defendant Beaumont, was a Certified Registered Nurse Anesthetist and at all times material hereto was the supervisor of Plaintiff.

## II.  JURISDICTION AND VENUE

4.     At all times material hereto, Plaintiff was employed at Beaumont as a Certified Registered Nurse Anesthetist.

5.     On or about August 16, 2010, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging age discrimination and retaliatory termination for having made complaints of age discrimination and sexual harassment in violation of the Age Discrimination in Employment Act (ADEA) and Title VII of the Civil Rights Act of 1964.

6.     On or about July 8, 2011, the EEOC issued a Notice of Right to Sue, which was received by Plaintiff approximately 3 days later (i.e., on or about July 11, 2011).  The instant action is timely filed with respect to Plaintiff's Federal claims for violation of her rights, pursuant to the ADEA and Title VII.

7.     Plaintiff brings this action for damages alleging that she was unlawfully terminated on the basis of her age, contrary to the ADEA, and for having made age and sexual harassment complaints in violation of the ADEA and Title VII of the Civil Rights Act of 1964. This Court has subject matter jurisdiction pursuant to 29 USC § 621, et seq.

8.     Venue is proper pursuant to 28 USC § 1391.

## III.  COMMON ALLEGATIONS

9.     On November 12, 1984, Plaintiff began her employment with Defendants' predecessor, Bon Secours Hospital of Grosse Pointe.

10. On or about October 1, 2007, Bon Secours was acquired by Beaumont Health System and was renamed Beaumont Hospital, Grosse Pointe.

11. Plaintiff was employed by Beaumont and its predecessor as a Certified Registered Nurse Anesthetist. As such, it was her responsibility to administer anesthesia under the direction of the medical staff, including surgeons and medical doctors in the anesthesiology department.

12. All times relevant hereto, Plaintiff was supervised by a Certified Registered Nurse Anesthetist and Supervisor, Mary Golinski.

13. Plaintiff was born in 1948 and, at the time of her termination from employment was 61 years of age.

14. In July of 2008, when Plaintiff was provided with her annual employee appraisal, Respondent Mary Golinski, as part of the evaluation process, specifically inquired as to whether or not Plaintiff was "too old to continue to work." She further indicated that, "your co-workers are complaining that you do not do your share when working 16 hour shifts."

15. In May of 2009, a co-worker, Sue Winay, made direct ageist comments to Plaintiff, which were overheard by Plaintiff's co-workers. Those ageist comments included the following. Ms. Winay stated, "I am sick of all these hormonal women. We need to get rid of half you fuckers." She further stated, two days later, "If I had a nine millimeter, I would take someone out." In March of 2010, My Winay was promoted to a charge nurse position.

16. On or about December 2009, Plaintiff was approached by her supervisor Golinski and was told by her that she was going to write Plaintiff up for playing video games and/or texting in front of a patient in the endoscopy room. Ms. Golinski explained that she had received a complaint from a patient.

17. Plaintiff responded that she was not texting, but rather was looking up medical

information on her hand-held PDA from a specific health information system known as Hippocrates. The use of a PDA is an allowed practice. Anesthesia students from Beaumont carry and use PDAs routinely in the O.R. Further, Plaintiff was asked on numerous occasions to look up medical information on her PDA by the MDAs on staff. In spite of Plaintiff's explanation, Ms. Golinski wrote Plaintiff up for allegedly playing video games.

18. In January of 2010, while under a significant strain as a result of the "pending death" of her ex-husband, Plaintiff made a minor medication error. On January 5, 2010, Plaintiff was responsible for setting up and administering the continuous infusion anesthetic mixture of drugs for an epidural infusion. While setting up the mechanism, Plaintiff accidently set up to infuse an antibiotic through the patient's epidural catheter. Plaintiff immediately caught this error and no inappropriate drug was actually administered to the patient.

19. Upon Plaintiff learning of this minor medication error, Mary Golinski wrote Plaintiff up and falsely reported that she had actually inappropriately administered the wrong drug. This was a false statement and there was no evidence to support this accusation. Plaintiff was suspended for one day as a result of this medication error and was reported to the State of Michigan for this minor medication error.

20. The State of Michigan declined to take any action, concluding that there had not been any actual misconduct by the Plaintiff.

21. During 2009, a younger male, Certified Registered Nurse Anesthetist by the name of Earl Auty made a number of inappropriate sexual remarks, including the following:

  a. That he liked to work at Troy Beaumont because of the "young hard bodies" of women who worked in the anesthesia department at that hospital and the operating room;

4

        b. He further indicated to another male CRNA to check out the "hot babe" (patient) in pre-op room. Plaintiff found these remarks to be offensive.

22. Sexual remarks were also commonly made by the male surgeons and male nurses.

23. Mary Golinski was aware of these remarks and joked about them in the anesthia lounge during staff meetings.

24. On or about February 2010, Plaintiff was advised that Eric Reim, a younger CRNA approximately 45 years of age was indicating to recovery room nurses at the hospital that Mary Golinski had indicated she was going to get rid of both Plaintiff and Ed Gaspar, another older worker.

25. On or about February 2010, Plaintiff scheduled a meeting with Brian Cardeccia, HR representative of Beaumont Hospitals and Judy DeMario, a Director of Nursing and at that time formally advised them that she felt she was the victim of age discrimination and/or a hostile work environment directed at her by the supervision within the department of CRNA. Specifically, Plaintiff indicated that her Director, Mary Golinski, had made ageist comments to her and had condoned other workers making ageist comments, including the questioning that took place at her 2008 Review, including the comments that had been made by Nurse Winay, and also including the fact that Mary Golinski had created an environment where male CRNAs, and including the fact that Early Auty had felt free to make sexiest remarks.

26. Plaintiff provided HR with the specific remarks that were made and specific examples. Plaintiff further indicated that she felt that Ms. Golinski was targeting her as a result of her age and was micromanaging her work. She further indicated that people in the department, including Eric Reim, had been specifically indicating that he had knowledge that Mary Golinski intended to fire her and Ed Gaspar. She also complained that Mary Golinski had exaggerated and

provided false information in the write-up in January of 2010 regarding whether or not she had actually improperly administered any drugs to the patient.

27.    Plaintiff was advised by Brian Cardeccia that her complaints regarding inappropriate comments were untimely, and that Ms. Winay's remarks "had been used before." They did agree that Eric Reim should not be making such comments and advised Plaintiff to confront him directly. No investigation was undertaken, nor was any remedial action taken.

28.    On March 29, 2010, Plaintiff was assigned to provide CRNA care in connection with a surgical procedure for a total hip replacement. During the procedure, Plaintiff noticed that there was significant blood loss.  Plaintiff very loudly indicated in the presence of the surgeon that blood was needed and asked the circulating nurse to order blood from the blood bank. One unit of blood product was administered. Subsequent to the procedure, the doctor of anesthesiology, Dr. Macon specifically indicated to Plaintiff that due to the blood loss, blood was indicated.

29.    Plaintiff's actions in calling for the blood in the presence of the surgeon and obtaining and administering the blood and having the order signed subsequent to the procedure are consistent with the operating room practices at Beaumont Hospital, Grosse Pointe.

30.    In spite of the fact that Plaintiff had acted in accord with the policies and practices at the hospital, Mary Golinski once again wrote Plaintiff up for performance issues.

31.    Defendant Golinski criticized Plaintiff for the actual anesthesia drug protocol Plaintiff utilized and further criticized the Plaintiff for administering blood products without first obtaining a doctor's order.

32.    As a result of the write up by Mary Golinski, Plaintiff was terminated from her employment at Beaumont.

33. In order to further bolster and substantiate Defendants' position, Mary Golinski reported Plaintiff to the State of Michigan for failing to act in accordance with the standard of care.

34. On September 7, 2011, after an extensive investigation, the State of Michigan dismissed charges that had been brought as a result of the Complaint filed by Beaumont.

35. The Performance Improvement Plan, which resulted in Plaintiff's termination prepared by Mary Golinski contained numerous misstatements of facts, and was written and designed to result in Plaintiff being terminated from her employment at Beaumont Hospitals.

36. Plaintiff's actions were in accordance with established procedure and practice and did not warrant a termination of employment.

37. Plaintiff's termination was the direct result of a concerted effort by Defendant Mary Golinski and Beaumont's administration to eliminate Plaintiff from her employment due to her age, and due to the fact that she had complained about her treatment on the basis of her age, and about the fact that Supervisor Golinski had allowed a sexually harassing environment to exist.

38. At all times material to, Plaintiff was entitled to the protection of Title VII of the Civil Rights Act of 1964, 42 USC, Section 2000e, et seq., as amended, and the Age Discrimination in Employment Act, Age Discrimination in Employment Act of 1967 (ADEA), 29 USC § 621-634.

### IV.  COUNT I
### VIOLATION OF ADEA

38. Plaintiff incorporates by reference all of the above allegations as if fully stated herein.

39. At all times material hereto, Plaintiff was an employee of Beaumont within the

meaning of the ADEA.

40. Pursuant to the ADEA, Defendant and its employees were under a duty not to discriminate against Plaintiff because of her age, or because she complained that she was being discriminated against because of her age.

41. Notwithstanding the duties as set forth above, Defendant Beaumont by and through the acts of its employees discriminated against Plaintiff due to her age and as a result of her complaint of discrimination by each of the following acts:

    a. By writing up Plaintiff in December of 2009 for allegedly playing video games while on duty;

    b. By placing Plaintiff on an inaccurate PIP in July of 2010 for allegedly making a major medication error;

    c. For suspending Plaintiff for one day as a result of allegedly making a major medication error;

    d. By reporting Plaintiff to the State of Michigan for an alleged major medication error;

    e. By allowing the Certified Registered Nurse Anesthetist's Department to routinely make ageist comments in the work environment;

    f. In writing Plaintiff up on or about April 5, 2010 for a neglect of duty and in so doing, providing false information regarding the care administrated by Plaintiff to a patient;

    g. In reporting Plaintiff to the State of Michigan for allegedly improperly administering blood products;

    h. In terminating Plaintiff on or about April 6, 2010.

42. The actions of Defendant and Defendants' employers were deliberate and willful.

43. As a direct and proximate result of Defendants' intentional age discrimination and retaliation, Plaintiff has suffered and will continue to suffer lost wages and other economic disadvantages of unemployment and lesser employment, as well as mental anguish, humiliation, embarrassment and emotional distress.

44. The actions of Defendants were intentional and accordingly, Plaintiff is entitled to economic and non-economic compensatory damages and liquidated damages pursuant to 29 USC § 262(B) and seeks same.

45. Plaintiff also seeks actual attorney fees and costs as prevailing party.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a judgment in her favor as against Defendants, which awards her the following relief:

   a) Compensatory economic and non-economic damages in an amount to be determined at trial;

   b) Liquidated damages as allowed by 29 USC § 262(B);

   c) Pre-judgment interest, costs and actual attorney fees; and,

   d) Other legal and equitable relief as this court deems just and appropriate.

## V. COUNT II
## VIOLATION OF TITLE VII

46. Plaintiff incorporates by reference all of the above allegations as fully stated herein.

47. At all times material hereto, Plaintiff was an employee of Defendant Beaumont within the meaning of Title VII.

48. Pursuant to Title VII, Defendant and its employees were under a duty not to discriminate against Plaintiff because she made a good faith complaint of sexual harassment.

49. Plaintiff engaged in activity protected by Title VII, when she made a good faith report of sexual harassment to Defendants.

50. Notwithstanding the duty as set forth above, Defendant Beaumont, by and through the actions of its employees discriminated against Plaintiff for having complained of sexual harassment and/or a hostile work environment by each of the following acts:

    a. Writing Plaintiff up for improperly administering blood products and for improperly providing anesthesia care to a patient. Said write-up having been prepared on April 5, 2010, relative to the care of a patient on March 29, 2010;

    b. Reporting Plaintiff to the State of Michigan for allegedly improperly administering blood products to a patient on Monday, March 29, 2010;

    c. Terminating Plaintiff on or about April 6, 2010.

    d. Other acts of discrimination and retaliation to be determined.

51. The actions of Defendant and Defendant's employers were deliberate and willful;

52. As a direct and proximate result of Defendant's intentional retaliation, Plaintiff has suffered and will continue to suffer lost wages and other economic disadvantages of unemployment and lesser employment, as well as mental anguish, humiliation, embarrassment and emotional distress;

53. The actions of Defendants were intentional and accordingly, Plaintiff is entitled to compensatory damages and punitive damages and Plaintiff seeks same.

54. Plaintiff also seeks actual attorney fees and costs as a prevailing party.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a judgment in her favor as against Defendants, which awards her the following relief:

    a. Compensatory, economic and non-economic damages in an amount to be

   determined at trial;

   b. Punitive damages;

   c. Pre-Judgment interest, costs and attorney fees; and,

   d. Other legal and equitable relief as this court deems just and appropriate.

>Respectfully submitted,
>
>**PITT MCGEHEE PALMER RIVERS & GOLDEN, P.C.**
>
>By: s/Robert W. Palmer_____
>Robert W. Palmer (P31704)
>Attorneys for Plaintiff
>117 W. Fourth Street, Suite 200
>Royal Oak, Michigan 48067
>(248) 398-9800
>rpalmer@pittlawpc.com

Dated:  October 6, 2011

## **DEMAND FOR JURY BY TRIAL**

**NOW COMES** Plaintiff, by and through her attorneys, Pitt McGehee Palmer River & Golden, P.C., and hereby demands a trial by jury of all issues in the within cause of action.

>Respectfully submitted,
>
>**PITT MCGEHEE PALMER RIVERS & GOLDEN**
>
>By:     s/Robert W. Palmer_____
>Robert W. Palmer (P31704)
>Attorneys for Plaintiff
>117 W. Fourth Street, Suite 200
>Royal Oak, Michigan 48067
>(248) 398-9800
>rpalmer@pittlawpc.ocm

Dated:  October 6, 2011