UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISSA FLONES,

        Plaintiff,

v.

BEAUMONT HEALTH SYSTEM, d/b/a
BEAUMONT HOSPITAL, GROSSE POINTE,

        Defendant.

Case No. 2:11-cv-14416-VAR-PJK
Hon. Victoria A. Roberts

_____/

**DEFENDANT WILLIAM BEAUMONT HOSPITAL'S BRIEF IN REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT**

## **TABLE OF CONTENTS**

**Page**

ISSUES PRESENTED ...................................................................................................... ii

INDEX OF AUTHORITIES ............................................................................................ iii

DISCUSSION .................................................................................................................... 1

    Corrective Action for Blood Transfusion Is Not Evidence of Pretext ..................... 1

    Corrective Action for Cell Phone Use is Not Evidence of Pretext. ......................... 4

    Plaintiff Has No Evidence of Age Discrimination. .................................................. 5

CONCLUSION .................................................................................................................. 5

## **ISSUES PRESENTED**

I. Should Plaintiff's claim of age discrimination be dismissed because Plaintiff has no evidence to cause a reasonable juror to conclude that Defendant treated her any differently than a similarly-situated employee outside of the protected class?

II. Should Plaintiff's retaliation claim be dismissed because Plaintiff has no evidence to cause a reasonable juror to conclude that there was a causal connection between her complaint of discrimination and harassment and the decision to terminate her employment?

III. Should Plaintiff's age discrimination and retaliation claims be dismissed because Plaintiff has no evidence to cause a reasonable juror to conclude that Defendant's stated reason for terminating her employment was a pretext for age discrimination or retaliation?

Defendant William Beaumont Hospital answers "yes" to each of these questions.

# INDEX OF AUTHORITIES

**Cases**

*Alexander v. CareSource*,
    576 F.3d 551 (6th Cir. 2009) ................................................................................5

*Geiger v. Tower Auto.*,
    579 F.3d 614 (6th Cir. 2009) ................................................................................5

*Millner v. DTE Energy Co.*,
    285 F. Supp. 2d 950 (E.D. Mich. 2003) ...............................................................5

## **DISCUSSION**

It defies reason for Plaintiff to argue that enforcing rules prohibiting her from using her cell phone in front of a patient, or suspending her for administering the wrong medication to a patient, or even terminating her for transfusing blood to a patient without a doctor's order, are actually a pretext for retaliation and discrimination. And to make these arguments with mischaracterizations and blatant misstatements of deposition testimony further defies reason. Unreasonable arguments supported by fabricated facts raise a red flag that Plaintiff's claims would never succeed before a jury and that summary judgment is warranted.

**I.    Corrective Action for Blood Transfusion Is Not Evidence of Pretext**

No reasonable jury could conclude that Beaumont did not have a non-discriminatory, non-retaliatory reason to terminate Plaintiff's employment based on the following admissions:

> Q: Did you make a decision to administer blood?
>
> A: Yes. . . .
>
> Q: You were not told to administer blood, were you?
>
> A: No, I was not told to administer blood.

(Plaintiff's Deposition, Ex. 1, p. 53)

> Q:  And you said you assume that, by his silence, that he was aware that blood was going to be given.
>
> A: Yes.

(*Id.*, p. 87)

> Q: You said, "Doctor, I'm giving blood."
>
> A: I told him, "Doctor, I've given your patient one unit of blood in addition to how much fluid I've given . . . her.
>
> Q: And that's after you had already given it?

>   A: The blood was infused.

(Ex. 1, p. 99)[1]

>   Q: You are not licensed to do that, order blood and administer it without them giving an order; correct?
>
>   A: I guess that's correct.
>
>   Q: And both policies, OR policy, policy statements specifically say that no blood transfusion will be given except upon the order of a physician; correct?
>
>   A: That's what it says.

(*Id.*, p. 217)[2]

In an effort to avoid these admissions, Plaintiff asserts that Dr. Schreck agreed that a CRNA could administer blood.[3] (Brief, p. 3) This is a fabrication of Dr. Schreck's testimony:

>   Q: Does the anesthesiologist have–and I'm talking about the MDA—have the authority to order blood if they thought it was needed.
>
>   A: I've never seen that happen. But they do have the ability to order, you know, all sorts of things infused into the patient, so I'm sure it's within the spectrum of practice.

(Ex. 2, Schreck Deposition, pp. 20-21, *emphasis added*)

Plaintiff attempts to raise a further question as to pretext by claiming that it was actually the Circulating Nurse who administered blood without Dr. Schreck's approval. To the contrary, and consistent with Plaintiff's deposition testimony that she decided to administer the blood, the

---

[1] If Plaintiff thought Dr. Schreck was aware that she had given blood, as she has testified, query why she would have told him that she did so.

[2] Plaintiff alleges that Beaumont filed a Complaint against her with the State. This is not true. The State filed a Complaint against Plaintiff. (Ex. 3) Beaumont simply reported Plaintiff's change in status to the State as required by law. M.C.L. § 333.20175(5)

[3] Plaintiff asserts that it is routine to administer blood during a hip replacement. Dr. Schreck testified that it was actually very rare for one of <u>his</u> patients to need blood. (Ex. 2, p. 19)

2

Circulating Nurse testified that the procedure is the same for every doctor; the doctor gives a verbal order to the CRNA to order blood, and the CRNA gives a verbal order to the Circulating Nurse to contact the blood bank. (Ex. 4, Kendall Deposition, p. 14) Furthermore, when the Circulating Nurse signs the transfusion order, she is basing it on her assumption that the CRNA followed the standard procedure and received a verbal order from the doctor. (*Id.*)

Plaintiff also argues that because Dr. Schreck did not want her terminated, Beaumont's decision to terminate her was a pretext. Dr. Schreck is not a Beaumont employee. (Ex. 2, p.5) He is also not the only surgeon for whom Plaintiff provided services. (Ex. 1, p. 18) Dr. Schreck does not decide when to discipline a Beaumont employee; he also does not have knowledge that Plaintiff received a suspension for administering the wrong medication or a write-up for using her cell phone in front of a patient. (Ex. 2, pp. 40-41) Dr. Schreck had neither the authority nor the information to make a decision to terminate Plaintiff's employment. As Dr. Macon testified in reference to Plaintiff's second corrective action, issuing discipline is a nursing decision. (Ex. 5, Macon Deposition, p. 16)

Furthermore, contrary to Plaintiff's characterization that Dr. Schreck was not particularly concerned with the incident, Dr. Schreck testified that he was actually very concerned: "[I] talked to just about everybody in the operating room in a position of supervision, including Dr. Macon, because this is clearly something I don't want to happen, not being involved in important care decisions for the patient that have ramifications." (Ex. 2, p. 32)[4]

Finally, Richard Schroeder's affidavit provides no evidence of pretext. First, that he does

---

[4] Plaintiff also intentionally minimizes Dr. Macon's concern over this incident. Dr. Macon did not believe that the patient needed blood and refused to sign the order for blood. (Ex. 5, p. 19) Moreover, Dr. Macon did not testify that she does not know the protocol for a CRNA to order blood. (Brief, p. 18). Dr. Macon testified that she could not repeat it "verbatim." (Ex. 5, p. 27)

not always get a response from a surgeon before ordering blood does not make Plaintiff's conduct acceptable; it just means that Schroeder apparently also acts outside the scope of his license. Second, Schroeder provides no testimony about whether Dr. Schreck required a CRNA to get explicit approval before administering blood; third, Schroeder is not a Beaumont employee and has provided no testimony that he was a Beaumont employee at the time of Plaintiff's termination. His affidavit is irrelevant and certainly not evidence of pretext.

**II.      Corrective Action for Cell Phone Use is Not Evidence of Pretext.**

In arguing that the first write-up she received for using her cell phone in front of a patient was a pretext for discrimination, Plaintiff glosses over the fact that the medical question she was researching had nothing to do with the patient for whom she was caring and that the patient was wide awake and perfectly aware that Plaintiff was ignoring her. (Ex. 1, pp. 22-23)[5]

In addition, Plaintiff misstates Golinski's deposition testimony that she would allow a CRNA to use a PDA to research or answer medical questions. Golinski testified that she "expressed [her] concern that you cannot be attentive and monitoring your patient if you were looking up and not assessing your monitors or just physically assessing your patient. So I don't remember whether I endorsed it or not." (Ex. 7, Golinski Deposition, p. 25)

Finally, Plaintiff opines that what she did was less severe than another employee who was listening to her iPod during a surgery. Golinski testified that the situations were different because the other employee did not receive a patient complaint and also she was able to hear the

---

[5] Plaintiff questions the legitimacy of the patient complaint because Brian Cardeccia never saw it. Plaintiff and the patient were the only two people in the room; there would have been no other way for Beaumont to learn about the incident other than from the patient. Moreover, Cardeccia testified that the complaint was received via a patient survey which is directed to clinical managers, not Human Resources. (Ex. 6, Cardeccia Deposition, p. 35)

patient because she only had one earphone in her ear. (Ex. 7, p. 28). This situation is not evidence of pretext.

III.     **Plaintiff Has No Evidence of Age Discrimination.**

Mary Golinski's alleged statement nearly two years prior to Plaintiff's termination that Plaintiff was getting too old to work 16-hour shifts is not direct evidence of age discrimination. It was remote in time to the termination decisions and even if it was made, was wholly unrelated to the termination decision. *See Geiger v. Tower Auto.*, 579 F.3d 614, 621 (6th Cir. 2009) ("... statements by decisionmakers unrelated to the decisional process itself [cannot] suffice to satisfy the plaintiff's burden . . . of demonstrating animus."); *Millner v. DTE Energy Co.*, 285 F. Supp. 2d 950, 966 (E.D. Mich. 2003) ("Comments that are . . . remote in time in relation to the employment decision at issue generally have been held not to constitute direct evidence.)

Similarly, Plaintiff's reliance on Eric Reim's statement about what an anesthesiologist told him about what Golinski allegedly said to the anesthesiologist about wanting to terminate Plaintiff is hearsay and cannot be used to defeat Beaumont's Motion. *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009).

## CONCLUSION

Plaintiff has come forward with no evidence that Beaumont's legitimate reasons for terminating her employment were a pretext for age discrimination or retaliation. WHEREFORE, Defendant William Beaumont Hospital respectfully requests that this Court grant summary judgment in its favor pursuant to Fed. R. Civ. P. 56, and award it the costs and attorneys' fees it incurred in having to bring this Motion.

                    Respectfully submitted,

                    **BUTZEL LONG, a professional corporation**

                    By: _____
                        **John P. Hancock, Jr. (P23653)**
                        **Regan K. Dahle (P53975)**
                        150 West Jefferson, Suite 100
                        Detroit, Michigan  48226
                        (313) 225-7000
                        **Attorneys for Defendant**

Dated:   April 8, 2013


## CERTIFICATE OF SERVICE

     I hereby certify that on the 8th day of April, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

                    Respectfully submitted,

                    **BUTZEL LONG, a professional corporation**

                    By: _____
                        **John P. Hancock, Jr. (P23653)**
                        **Regan K. Dahle (P53975)**
                        150 West Jefferson, Suite 100
                        Detroit, Michigan  48226
                        (313) 225-7000
                        **Attorneys for Defendant**

DATED:  April 8, 2013